UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————X

## 24 CV 3165

SKIBOKY STORA,

                              Plaintiff,

          -against-

**COMPLAINT**
**JURY DEMAND**

THE CITY OF NEW YORK, DETECTIVE **GENE RUDA,
DETECTIVE REDMOND Halpern, and OFFICER 'JOHN DOE"**
A FICTITIOUS NAME INTENDED TO BE A POLICE
OFFICER, EMPLOYEE OF THE NEW YORK
CITY DEPARTMENT INDIVIDUALLY
AND AS POLICE OFFICERS OF THE NEW YORK
CITY POLICE DEPARTMENT, THE STATE OF NEW YORK,
District Attorney Alvin Bragg, and Assistant
District Attorney Chandler Castro, Employee of
THE New York State District Attorney office,
Attorney Stephen William Edwards.

                                        Defendant
————————————————————————

### Plaintiff, SKIBOKY STORA, States as follows:

### INTRODUCTION

1.    This is an action for the wrongful acts of defendants THE CITY OF NEW YORK

DETECTIVE GENE RUDA, DETECTIVE REDMOND Halpern, and OFFICER 'JOHN

DOE" INTENDED TO BE A POLICE OFFICER, AN EMPLOYEE OF THE NEW YORK CITY

POLICE DEPARTMENT INDIVIDUALLY AND AS A POLICE OFFICER OF THE NEW

YORK CITY POLICE DEPARTMENT, in violation of Plaintiff's rights secured by 42 U.S.C.

Section 1983 and the Constitution and laws of the United States.

2.    Plaintiff, SKIBOKY STORA, alleges that beginning on or about April 18 2024

defendants committed wrongful and illegal acts against plaintiff, including falsely arresting

plaintiff, wrongly imprisoning plaintiff, maliciously prosecuting plaintiff, assaulting and

battering plaintiff and/or negligently causing physical injury to plaintiff, using excessive force in

effecting the arrest of plaintiff, intentionally and/or negligently inflicting severe emotional

distress, and negligence in the hiring and retaining of incompetent and unfit officers, Detectives

and Employees, negligence in the training and instruction, and supervision of its officers, and

violating Plaintiff's Constitutional and civil rights.

3.  This is an action for the wrongful Acts of defendants THE STATE OF NEW YORK DISTRICT Attorney Alvin Bragg and Assistant District Attorney Chandler Castro, Employee of THE New York State District Attorney office, Attorney Stephen William Edwards, in violation of Plaintiff's rights secured by 42 U.S.C.

Section 1983 and the Constitution and laws of the United States.

4.    Plaintiff, SKIBOKY STORA, alleges that beginning on or about April 18, 2024

defendants committed wrongful and illegal acts against plaintiff, including falsely arresting

plaintiff, wrongly imprisoning plaintiff, maliciously prosecuting plaintiff, assaulting and

battering plaintiff and/or negligently causing physical injury to plaintiff, using excessive force in

effecting the arrest of plaintiff, intentionally and/or negligently inflicting severe emotional

distress, and negligence in the hiring and retaining of incompetent and unfit officers, Detectives

and Employees, negligence in the training and instruction, and supervision of its officers, and

violating Plaintiff's Constitutional and civil rights.

JURISDICTION

5. This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

6. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress for the violation of the plaintiffs Constitutional and civil rights.

7. Venue is proper in the United States District Court for the southern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the southern District of New York.

8. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

# PARTIES

9. At all times relevant hereto, plaintiff SKIBOKY STORA, was and is a citizen of the United States and resident of New York County, in the City and State of New York.

10. At all times relevant hereto, defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

11. At all times relevant hereto, defendant DETECTIVE GENE RUDA was at all times relevant to this action, an officer employed by the New York City Police Department, and acting under the color of the law. Upon information and belief, DETECTIVE GENE RUDA was assigned to the 10th Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

12. At all times relevant hereto, defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

13. At all times relevant hereto, defendant DETECTIVE Redmond Halpern was at all times relevant to this action, an officer employed by the New York City Police Department, and acting under the color of the law. Upon information and belief, DETECTIVE REDMond Halpern was assigned to the 7th Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

14. At all times relevant hereto and in all their actions described herein, the

defendants were acting under the color of the statutes, ordinances, regulations, policies, customs

and usages of the New York City Police Department, and New York City, pursuant to their

authority as employees, servants and agents of the New York City Police Department, within the

scope of employment and incidental to their otherwise lawful duties and functions as agents,

servants and employees.

15. At all times relevant hereto, the CITY OF NEW YORK was responsible for the

training of its police officers, and more particularly, Defendants DETECTIVE GENE RUDA, Detective

Redmond Halpern and "JOHN DOE', A FICTITIOUS NAME INTENDED TO BE A POLICE

OFFICER OF THE NEW YORK CITY POLICE DEPARTMENT, the unknown police officer

whose identity plaintiff intends to discover.

16 At all times relevant hereto, the defendant CITY OF NEW YORK was negligent

in the hiring, training, supervision, discipline, retention and promotion of the agents, servants

and employees of the New York City Police Department.

17. At all times mentioned herein, the defendant CITY OF NEW YORK, knew of or

should have known of the bias, bad judgment, abusive and violent tendencies and other unlawful

propensities of the officers involved in the violation of civil rights, assault and battery and/or

negligently causing physical injury, use of excessive force in effecting arrest, intimidation, false

arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of

emotional distress of plaintiff SKIBOKY STORA.

The conduct and injuries complained of herein ensued without any negligent or

culpable conduct on the part of the plaintiff SKIBOKY STORA.

18. At all times relevant hereto, defendant THE State OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York County District Attorney Office which employs the other named defendants.

19. At all times relevant hereto, defendant District Attorney Alvin Bragg was at all times relevant to this action, an officer employed by the New York State District Attorney Office, and acting under the color of the law. Upon information and belief, District Attorney Alvin Bragg was assigned to the New York County District Attorney Office at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

20. At all times relevant hereto, defendant THE State OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York County District Attorney office which employs the other named defendants.

21. At all times relevant hereto, defendant Assistant District Attorney Chandler Castro was at all times relevant to this action, an officer employed by the New York County District attorney office, and acting under the color of the law. Upon information and belief Assistant District attorney chandler Castro was assigned to the New York County District Attorney Office, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

22. At all times relevant hereto, defendant THE State OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York state Defenders Association which employs the other named defendants.

23. At all times relevant hereto, defendant Public Defender attorney stephen william Edwards was at all times relevant to this action, an officer employed by the New York City Police Department, and acting under the color of the law. Upon information and belief, Public Defender Stephen william Edwards was assigned to the New York County criminal court

24. at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

25. At all times relevant hereto, "JOHN DOE", A FICTITIOUS NAME INTENDED TO BE A POLICE OFFICER OF THE NEW YORK CITY POLICE DEPARTMENT, was at all times relevant to this action, a police officer employed by the New York City Police Department, and acting under the color of state law.  Upon information and belief, "JOHN DOE", A FICTITIOUS NAME INTENDED TO BE A POLICE OFFICER OF THE NEW YORK CITY POLICE DEPARTMENT was assigned to the ⋅ ᵗʰ Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

26. At all times relevant hereto and in all their actions described herein, the defendants were acting under the color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

27. At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants DETECTIVE GENE RUDA, Detective Redmond Halpern and "JOHN DOE', A FICTITIOUS NAME INTENDED TO BE A POLICE OFFICER OF THE NEW YORK CITY POLICE DEPARTMENT, the unknown police officer whose identity plaintiff intends to discover.

28. At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

29. At all times mentioned herein, the defendant CITY OF NEW YORK, knew of or should have known of the bias, bad judgment, abusive and violent tendencies and other unlawful propensities of the officers involved in the violation of civil rights, assault and battery and/or negligently causing physical injury, use of excessive force in effecting arrest, intimidation, false arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of plaintiff SKIBOKY STORA.

30. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the plaintiff SKIBOKY STORA.

## FACTUAL BACKGROUND

31. At all times relevant to this action, Plaintiff SKIBOKY STORA resided at 418 West 17th Street, New York New York.

32. On or about April 18, 2024, at 5:16am plaintiff heard a banging a his apartment Door

33. That Plaintiff began to look in his peep hole to his apartment Door

34. Upon Plaintiff look in his peep hole his front open hitting plaintiff in his head

35. That Plaintiff felled on the floor of his apartment and Detective GENE RUDA, Detective Redmond Halpern and Officer "JOHN DOE" jumped on top of plaintiff,

36. That Plaintiff was cause serious pain to his back

37. That Plaintiff has Two bullets stuck between his spine from previously being shot in a homeless shelter in the year 2005

38. that Defendant DETECTIVE GENE RUDA, and DEFENDANT DETECTIVE REDMOND HALPERN and Defendant Officer" JOHN DOE then place handcuff on the Plaintiff both hand from the BACK in Plaintiff apartment and then The Three Defendant began searching Plaintiff apartment for over Two hour from 5:16am to 7:50am on April 18, 2024

39. DEFendant Detective REDMOND Halpern thereafter Removed the handcuff off Plaintiff both hand from his back

40. Defendant Detective Gene RUDA then handed Plaintiff a Six page Search WARRANT with search warrant# NO319-2024

41. Defendant Officer JOHN DOE began walking in the Plaintiff apartment then Defendant Detective REDMOND Halpern told Defendant JOHN DOE to turn on his body camera before entering Plaintiff apartment so it will seem like he began his search warrant at 7:40am by turning on his body camera at 7:40am on April 18, 2024.

42. Defendant Detective GENE RUDA, and Defendant Detective REDMOND Halpern and office "John Doe" Removed all Items that was listed on the Search Warrant # NO 319-2024

43. Defendant Detective gENE RUDA, and Defendant Detective REDMond Halpern and office "John Doe" Search warrant No 319-2024 States the following

44. ──────→ 

45. ──────→ <u>SEARCH WARRANT</u>

46. → SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

47. → IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER OF THE CITY OF NEW YORK

48. →      Proof by affidavit having been made this day before me by Detective Redmond Halpern, Shield # 02880, of the NYPD Hate Crimes of the New York City Police Department that there is reasonable cause to believe that certain property, to wit:

49. →    a.    a green, hooded jacket with an orange lining (Exhibit 1);

50. →    b.    a green dog leash (Exhibit 2);

51. →    c.    tan/peach sneakers (Exhibit 3);

52. →    d.    any and all books, magazines, newspapers, or periodicals;

53. →    e.    any and all letters, correspondence, journals, diaries, or other writings, whether handwritten, typed, computer-generated, or Xeroxed;

54. →    f.    any and all computers as defined in Penal Law § 156.00(1)[1] or electronic storage devices as well as their components and accessories, including, but not limited to, cords, monitors, keyboards, software, programs, disks, zip drives, flash drives, thumb drives, and/or hard drives;

55. →    g.    any and all cellular telephones, cameras, video-recorders, video game consoles and other electronic devices and/or equipment capable of storing data, information and images, and their components and accessories, including, but not limited to, wires, cords, monitors, software, hard drives and chargers;

56. h.    any and all books, manuals, guides or other documents containing information about the operation and ownership of a computer, cellular telephone, camera, video recorder, video game console or other electronic storage device present in the target location, including, but not limited to, computer, cellular telephone and software user manuals;

57. i.    evidence of ownership and use of the target premises, or the use of property

¹ Penal Law § 156.00(1) states: "Computer" means a device or group of devices which, by manipulation of electronic, magnetic, optical or electrochemical impulses, pursuant to a computer program, can automatically perform arithmetic, logical, storage or retrieval operations with or on computer data, and includes any connected or directly related device, equipment or facility which enables such computer to store, retrieve or communicate to or from a person, another computer or another device the results of computer operations, computer programs or computer data.

58.    located therein by any person, including but not limited to keys, telephone bills, utility bills, bank statements, leases, deeds, or rent receipts related to the target premises or other real property, mail addressed to or from the target premises or other documents bearing the address of the target premises, identification bearing the name or photograph of any person, telephone-books, address books, date books, calendars, personal papers, driver's licenses, vehicle registration, vehicle insurance documents, vehicle repair documents, tooth and hair brushes, videotapes and photographs of persons, fingerprints, handprints, footprints, shoe impressions, hairs and fibers, swabs and/or samples of DNA and other forensic and trace evidence;

59.    may be found in 418 West 17th Street Apartment #19B, New York, NY ("the target premises"); and on the person of Skiboky Stora, if present therein; and that the above described property has been used or is possessed for purpose of being used to commit or conceal the commission of the crimes of Assault in the Third Degree as a Hate Crime (Penal Law §§ 120.00(1) & 485.05(1)); Stalking in the Third Degree as a Hate Crime (PL §§ 120.50(3) & 485.05(1)); and Aggravated Harassment in the Second Degree (PL § 240.30(3)); and constitutes evidence, tends to demonstrate that said crimes were committed and that a particular person participated in the commission of said crimes;

60.    YOU ARE THEREFORE COMMANDED, between 6:00 a.m. and 9:00 p.m., to enter and to search the target premises for the above-described property, and if you find such property or any part thereof to bring it before the Court without unnecessary delay.

61.    FURTHER, this Court authorizes law enforcement personnel to videotape and photograph the interior of the target premises; to process the target premises for fingerprints; to analyze, test, and in any way scientifically process the target premises and all items seized.

62.    IT IS FURTHER ORDERED that the affidavit and any transcript of any accompanying sworn testimony in support of the application for this warrant is sealed, except that a copy of any such sworn testimony may be obtained by an assistant district attorney in the New York County District Attorney's Office and the affidavit and/or any such sworn testimony may be disclosed by an assistant district attorney in the New York County District Attorney's Office in the course of the lawful discharge of his or her duties pursuant to a criminal investigation and/or prosecution, or upon written order of the Court.

63→ This warrant must be executed within 10 days of the date of issuance.

Justice of the Supreme Court

Dated: New York, New York

APR 1 5 2024

HON. ALTHEA DRYSDALE

64. On April 18, 2024 at the location of Plaintiff apartment 418 West 17 Street New York New York 10011

65. Defendant Detective GENE RUDA, and Defendant Detective REDMOND Halpern, and Defendant officer JOHN DOE Removed Items ffom Plaintiff apartment that was not listed to be remove from plaintiff apartment on the Defendant's search warrant # No 319-2024 such as following

66. A. Diamond Gold Chain, value $16.000 (sixteen thousand dollars)

67. B. Diamond Gold Bracelet, value $8,000 (eight thousand dollars)

68. C. Diamond Gold ring, value $6.000 ( six thousand dollars)

69. D. Diamond Gold ears, value $6.000 (six thousand dollars)

70. E. Cash, value $13.867 (thirteen thousand eight hundred and sixty seven dollars)

71. F. Internet router

72. Defendant Detective GENE RUDA, and Defendant Detective REDMOND Halpern and officer JOHN DOE then lifted Plaintiff Skiboky Stora apartment without garing plaintiff A Receipt of the ITEMS the Defendant's took from Plaintiff apartment. "Acting under the color of law"

73. On march 27, 2024 Defendant Detective GENE RUDA wrote a false police Report against Plaintiff Skiboky Stora and arrested Plaintiff for assaulting Halley MCGOOKin on march 25, 2024 even though on march 26, 2024 Halley MCGOOKin pick out number "6" on the photo Array # 564090 and number "6" ARREST ID# B24612115 while Plaintiff was number "2" on the Photo Array #564090 ARREST ID # M23652564 "Acting under the color of law" Defendant put Plaintiff photo in the DAILY NEWS

Next to Halley McGookin as if She picked plaintiff from the line up.

74. Defendant District Attorney Alvin Bragg and Defendant Assistant District Attorney Chandler Castro is maliciously Prosecuting Plaintiff Skiboky Stora for assaulting Halley McGookin on march 25, 2024 even though on march 26, 2024 Halley McGookin Pick out number "6" on the Photo Array #564090 and number "6" ARREST ID# B24612115 while Plaintiff Skiboky Stora was number "2" on the photo Array #564090 ARREST ID# M23652564 under index No. CR-008867-24 NY in criminal court of the city of New York county of New York "Acting under the color of law"

75. Defendant Attorney Stephen william Ewards is maliciously Prosecuting plaintiff Skiboky Stora for assaulting Halley McGookin on march 25, 2024 even though on march 26, 2024 Halley McGookin Pick out number "6" on the photo Array #564090 and number "6" ARREST ID# B24612115 while Plaintiff Skiboky Stora was number "2" on the Photo Array #564090 ARREST ID# M23652564 under index No. CR-008867-24 NY in criminal court of the city of New York county of New York "Acting under the COLOR of law."

76. As a direct and proximate result of the action of the Defendant's THE CITY OF NewYork

was and DeTecTive GENE RuDA, and DeTecTive Redmond Halpern, and officer John Doe, Plaintiff Skiboky StoRa was physically assaulted resulting in physical injury to the back of his head and severe emotional

distress.

77. As a direct and proximate result of the actions of the Defendant Police Officers,

Plaintiff DETECTIVE GENE RuDA, and DeTecTive Redmond Halpern, and officer JOHN DOE was falsely arrested without Justification for the

aforementioned charges, all of which Plaintiff is wholly innocent of, in addition to causing the

Plaintiff to be imprisoned for approximately two days.

and JOHN DOE, Defendant DETECTIVE REDMond Halpern, and Defendant officer Defendant DETECTIVE GENE RUDA       acted with malice in arresting

Plaintiff SKIBOKY STORA on false charges and causing the plaintiff to be prosecuted on

charges the Defendants know are false.

78. Defendant DETECTIVE REDMond Halpern and Defendant officer John DOE Defendant DETECTIVE GENE RUDA       brought    charges    against

Plaintiff SKIBOKY STORA and purposely misused his Police powers and the courts to arrest,

harass, intimidate, assault and batter, imprison and prosecute Plaintiff for criminal charges in an

effort to immunize themselves for their unlawful, unconstitutional arrest of Plaintiff and their

use of excessive force and gratuitous act of violence against Plaintiff.

79    To date, as a direct and proximate result of defendants actions, Plaintiff

SKIBOKY STORA has suffered the loss of his liberty, physical assault and batter, and continues

to suffer physical and emotional pain, permanent damage to his good name, shame, degradation,

humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish,

psychological and emotional distress, and various other physical and psychological injuries.

80.    As a direct and proximate result of defendant's actions, Plaintiff SKIBOKY

STORA was arrested and detained for a time amounting to a period lasting approximately two

days for criminal charges without just cause.

81.    As a direct and proximate cause of defendant's actions, Plaintiff SKIBOKY STORA was deprived of his rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution and the laws of the State of New York.

82.    Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers, including the defendant Police officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the defendant officer in this case to engage in unlawful conduct described above.

83.    Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the defendants in this case, for violations of the constitutional rights of the person within its domain, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

84.    Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising  and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from there duties

85.    Defendant CITY NEW YORK, and the New York City Police Department, knew or should have known that prior to April 18, 2024 the perpetration of unlawful arrests, the use of excessive force, the commission of perjury and other malicious, violent and inappropriate unlawful acts by defendant officers were occurring, in that it believed that there may have been complaints of such unlawful conduct by these particular officers, but defendant CITY OF NEW YORK failed to take appropriate steps to eliminate such unlawful acts.

## FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
### THE EXCESSIVE USE OF FORCE
(Defendant DETECTIVE GENE RUDA )

86. Plaintiff, repeats and realleges the allegations contained in paragraphs 1-85 of this

complaint, as though fully set forth therein.

87. On April 18, 2024 at the 10th Precinct, Defendant DETECTIVE GENE

RUDA without just cause or provocation and in violation of proper and appropriate

police conduct, and with maliciousness and violence, used excessive force in affecting the arrest

of plaintiff SKIBOKY STORA such that plaintiff SKIBOKY STORA was injured.

88. That the defendants, their agents, servants and employees, acting as agents and on

behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally

and maliciously used excessive force, beyond what any reasonable officer in the circumstances

would have used, while effecting an arrest of plaintiff SKIBOKY STORA, and that no

supervisor or superior officer intervened to prevent the use of such excessive force.

89. By reason of the aforesaid, plaintiff SKIBOKY STORA suffered great physical

damage and pain, intimidation and fear, and conscious pain and suffering, and was otherwise

damaged.

90. The acts and conduct of defendant DETECTIVE GENE RUDA as

alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in

violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. Section

1983.

## SECOND CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
### THE EXCESSIVE USE OF FORCE
### (Defendant DETECTIVE REDMOND Halpern)

91. Plaintiff, repeats and realleges the allegations contained in paragraphs 1-90 of this complaint, as though fully set forth therein.

92. On April 18, 2024 at the 7th Precinct, Defendant DETECTIVE REDMOND Halpern without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used excessive force in affecting the arrest of plaintiff SKIBOKY STORA such that plaintiff SKIBOKY STORA was injured.

93. That the defendants, their agents, servants and employees, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used excessive force, beyond what any reasonable officer in the circumstances would have used, while effecting an arrest of plaintiff SKIBOKY STORA, and that no supervisor or superior officer intervened to prevent the use of such excessive force.

94. By reason of the aforesaid, plaintiff SKIBOKY STORA suffered great physical damage and pain, intimidation and fear, and conscious pain and suffering, and was otherwise damaged.

95. The acts and conduct of defendant DETECTIVE Redmond Halpern as alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

## THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
## THE EXCESSIVE USE OF FORCE
### (Defendant OFFICER JOHN DOE        )

96        Plaintiff, repeats and realleges the allegations contained in paragraphs 1-95 of this

complaint, as though fully set forth therein.

97.        On APril 18, 2024 at the 7th Precinct, Defendant OFFICER JOHN DOE

without just cause or provocation and in violation of proper and appropriate

police conduct, and with maliciousness and violence, used excessive force in affecting the arrest

of plaintiff SKIBOKY STORA such that plaintiff SKIBOKY STORA was injured.

98.        That the defendants, their agents, servants and employees, acting as agents and on

behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally

and maliciously used excessive force, beyond what any reasonable officer in the circumstances

would have used, while effecting an arrest of plaintiff SKIBOKY STORA, and that no

supervisor or superior officer intervened to prevent the use of such excessive force.

99.        By reason of the aforesaid, plaintiff SKIBOKY STORA suffered great physical

damage and pain, intimidation and fear, and conscious pain and suffering, and was otherwise

damaged.

100.        The acts and conduct of defendant OFFICER JOHN DOE        , as

alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in

violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. Section

1983.

## Fourth CLAIM: DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT
### ( Defendant Police officer DETECTIVE GENE RUDA

101. Plaintiff repeats and realleges the allegations contained in paragraphs 1-100 of this complaint as though fully set forth therein.

102. The actions of Defendant DETECTIVE GENE RUDA a member of the New York City Police Department, and acting under the color of state law, deprived plaintiff SKIBOKY STORA of his rights, privileges and immunities under the laws of the Constitution of the United States of America, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment and the intentional and/or negligent infliction of emotional distress.

## Fifth CLAIM: DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT
### ( Defendant Police officer Detective REDMOND Halpern

103. Plaintiff repeats and realleges the allegations contained in paragraphs 1-102 of this complaint as though fully set forth therein.

104. The actions of Defendant DETECTIVE REDMOND Halpern a member of the New York City Police Department, and acting under the color of state law, deprived plaintiff SKIBOKY STORA of his rights, privileges and immunities under the laws of the Constitution of the United States of America, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment and the intentional and/or negligent infliction of emotional distress.

SIXTH CLAIM: DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE
IMPRISONMENT
( Defendant Police officer JOHN DOE )

105. Plaintiff repeats and realleges the allegations contained in paragraphs 1-104 of this complaint as though fully set forth therein.

106. The actions of Defendant OFFICER JOHN DOE a member of the New York City Police Department, and acting under the color of state law, deprived plaintiff SKIBOKY STORA of his rights, privileges and immunities under the laws of the Constitution of the United States of America, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment and the intentional and/or negligent infliction of emotional distress.

SEVENTH CLAIM: DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE
IMPRISONMENT
( Defendant DISTRICT Attorney Alvin Bragg )

107. Plaintiff repeats and realleges the allegations contained in paragraphs 1-106 of this complaint as though fully set forth therein.

108. The actions of Defendant DISTRICT Attorney Alvin Bragg a member of the New York City Police Department, and acting under the color of state law, deprived plaintiff SKIBOKY STORA of his rights, privileges and immunities under the laws of the Constitution of the United States of America, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment and the intentional and/or negligent infliction of emotional distress.

**eighth CLAIM: DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT**
( Defendant Assistant District Attorney Chandler castro

109. Plaintiff repeats and realleges the allegations contained in paragraphs 1-108 of this complaint as though fully set forth therein.

110. The actions of Defendant Assistant District Attorney Chandler Castro A member of the New York City Police Department, and acting under the color of state law, deprived plaintiff

SKIBOKY STORA of his rights, privileges and immunities under the laws of the Constitution of

the United States of America, in particular, the rights to liberty, to be secure in his person and

property, to due process under the law, and the concomitant rights to be free from false arrest,

false imprisonment and the intentional and/or negligent infliction of emotional distress.

**ninth CLAIM: DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT**
( Defendant Attorney stephen william Edwards

111. Plaintiff repeats and realleges the allegations contained in paragraphs 1-109 of this complaint as though fully set forth therein.

112. The actions of Defendant Attorney stephen william Edwards A member of the New York City Police Department, and acting under the color of state law, deprived plaintiff

SKIBOKY STORA of his rights, privileges and immunities under the laws of the Constitution of

the United States of America, in particular, the rights to liberty, to be secure in his person and

property, to due process under the law, and the concomitant rights to be free from false arrest,

false imprisonment and the intentional and/or negligent infliction of emotional distress.

## tenth CLAIM: DEPRIVATION OF Rights Under Color of law
### 18 U.S.C §242
#### ( Defendant Detective GENE RUDA

113. Plaintiff repeats and realleges the allegations contained in paragraphs 1-112 of this complaint as though fully set forth therein.

The actions of Defendant Detective GENE RUDA a member of the New York City Police Department, and acting under the color of state law, deprived plaintiff SKIBOKY STORA of his rights, privileges and immunities under the laws of the Constitution of the United States of America, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment and the intentional and/or negligent infliction of emotional distress.

## eleventh CLAIM: DEPRIVATION OF Rights Under Color of law
### 18 U.S.C §242
#### ( Defendant Detective Redmond Halpern

114. Plaintiff repeats and realleges the allegations contained in paragraphs 1-113 of this complaint as though fully set forth therein.

115. The actions of Defendant Detective Redmond Halpern a member of the New York City Police Department, and acting under the color of state law, deprived plaintiff SKIBOKY STORA of his rights, privileges and immunities under the laws of the Constitution of the United States of America, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment and the intentional and/or negligent infliction of emotional distress.

## Twelveth CLAIM: DEPRIVATION OF Rights under Color of law
### 18 U.S.C. §242
(Defendant Police officer John Doe

116. Plaintiff repeats and realleges the allegations contained in paragraphs 1-115 of this complaint as though fully set forth therein.

117. The actions of Defendant officer John Doe, a member of the New York City Police Department, and acting under the color of state law, deprived plaintiff SKIBOKY STORA of his rights, privileges and immunities under the laws of the Constitution of the United States of America, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment and the intentional and/or negligent infliction of emotional distress.

## Thirteenth CLAIM: DEPRIVATION OF Rights under Color of law
### 18 U.S.C. §242
(Defendant District Attorney Alvin Bragg

118. Plaintiff repeats and realleges the allegations contained in paragraphs 1-117 of this complaint as though fully set forth therein.

119. The actions of Defendant District Attorney Alvin Bragg a member of the New York County District attorney office and acting under the color of state law, deprived plaintiff SKIBOKY STORA of his rights, privileges and immunities under the laws of the Constitution of the United States of America, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment and the intentional and/or negligent infliction of emotional distress.

**fourteenth CLAIM: DEPRIVATION OF Rights under color of law**
**18 U.S.C § 242**
**(Defendant Assistant District Attorney Chandler Castro**

120. Plaintiff repeats and realleges the allegations contained in paragraphs 1-119 of this complaint as though fully set forth therein.

121. The actions of Defendant Assistant District Attorney Chandler Castro A member of the New York City Police Department, and acting under the color of state law, deprived plaintiff

SKIBOKY STORA of his rights, privileges and immunities under the laws of the Constitution of

the United States of America, in particular, the rights to liberty, to be secure in his person and

property, to due process under the law, and the concomitant rights to be free from false arrest,

false imprisonment and the intentional and/or negligent infliction of emotional distress.

**fifteenth CLAIM: DEPRIVATION OF Rights under color of law**
**18 U.S.C § 242**
**(Defendant Attorneys stephen william Edwards**

122. Plaintiff repeats and realleges the allegations contained in paragraphs 1-121 of this complaint as though fully set forth therein.

123. The actions of Defendant Attorneys Stephen william Edwards A member of the New York City Police Department, and acting under the color of state law, deprived plaintiff

SKIBOKY STORA of his rights, privileges and immunities under the laws of the Constitution of

the United States of America, in particular, the rights to liberty, to be secure in his person and

property, to due process under the law, and the concomitant rights to be free from false arrest,

false imprisonment and the intentional and/or negligent infliction of emotional distress.

124. By these actions, the individual defendant has deprived Plaintiff of his rights

secured by the Fourth and Fourteenth Amendments to the United States Constitution, in

violation of 42 U.S.C. Section 1983, and 18 U.S.C. Section 242.

For which defendant is individually liable

125. As a result of the foregoing, plaintiff SKIBOKY STORA was deprived of liberty,

sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed,

damaged and injured.

## Sixteenth CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
### (Defendant CITY OF NEW YORK)

126. Plaintiff repeats and realleges the allegations contained in paragraphs 1- of this

complaint and though fully set forth therein.

127. At all times material to this complaint, defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, has in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers.

128. These policies, practices and customs include, inter alia, the use of excessive force in making arrests, charging the Plaintiff under the New York Penal Law when the police used excessive force in an attempt to cover up their wrongdoing.

129. Upon information and belief, defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other employees, including the defendant detectives, sergeant and employees herein, with respect to their propensity to use their police power in an unduly aggressive and violent manner, and to have a propensity to use excessive force in executing their police duties, and for their failure to protect citizens from unconstitutional conduct of other detective, sergeants and employees, thereby permitting and allowing the defendant detectives, officers, sergeants and employees herein to be in a position to maliciously assault and batter the Plaintiff, without cause or justification, in a demonstration of the excessive force in effecting the arrest of Plaintiff that was so clearly grossly disproportionate under the circumstances, that it amounted to an abuse of official power that shocks the conscience, and to otherwise cause injury and violate his

constitutional rights, and/ or permit these actions to take place with their knowledge and/or consent.

130. Upon information and belief, defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives, sergeants, officers and employees, and failed to create proper means of containing such risk and managing such stress, inter alia, the structure was deficient, at the time of selection of detectives, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about the performance of individual detectives, sergeants, officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

131. This type of intentional misconduct and deliberate indifference is evidenced by decisions of the courts of the State of New York finding that NYPD and its employees engaged in various acts of misconduct including but not limited to failing to investigate and generally failing to act in a reasonable, professional and honest capacity.  These decisions include but are

132. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff therein.

133. The acts of defendant CITY OF NEW YORK as set forth above in paragraphs 1- 132 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in his person and property, to due process under the law, and the right to be free from unlawful seizure, false arrest and false

imprisonment, and from assault and battery, the excessive use of physical force intended to

cause physical injury, and the intentional and/or negligent infliction of emotional distress.

134. The acts and conduct of defendant CITY OF NEW YORK as set forth above in

paragraphs 1-133 deprived Plaintiff of his rights, privileges and immunities under the laws and

Constitution of the United States; in particular the right to be free from assault and battery, the

excessive use of physical force intended to cause physical injury, and the intentional and/or

negligent infliction of emotional distress.

135. By these actions, defendant CITY OF NEW YORK has deprived Plaintiff of

rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States

Constitution, in violation of 42 U.S.C. Section 1983, and 18 U.S.C. Section 242

136. As a result of the foregoing, Plaintiff sustained physical injuries, great emotional

injuries, was subjected to extreme humiliation, and were otherwise harmed, damaged and

injured.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff SKIBOKY STORA requests the following relief jointly and

severally as against all of the Defendants:

1. Award compensatory damages in an amount 2,000,000. (TWO million dollar)

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief that this court may deep just and proper under the
circumstances.

SKIBOKY STORA    4/25/24

# PARTIES Address

138. Plaintiff SKIBOKY STORA, 418 West 17 Street New York NY 10011

139. Defendant The City of New York, 100 Church Street, New York New York 1000  Law Department

140. Defendant Detective GENE RUDA, New York City Police Department - 10th Precinct 230 West 20th Street, New York New York 10011

141. Defendant Detective REDMOND Halpern, New York City Police Department - 7th preinct 19 1/2 Pitt St, New York NY 10002

142. Defendant District Attorney Alvin Bragg, Manhattan District Attorney's Office One Hogan Place New York New York 10013

143. Defendant Assistant District Attorney Chandler castro Manhattan District Attorney's Office one Hogan Place New York New York 10013

144. Defendant Attorney Stephen William Edwards, Law office of Stephen W. DDwards 100 Ocean Parkway, Suite #2B Brooklyn, NY 11218-1750

145. Defendant The State of New York, 28 Liberty Street, New York, NY 10005 Office of the New York State Attorney General

# attachment Exhibit list 1

146. Exhibit "A" search warrant No 319-2024

147. Exhibit "B" PHOTO ARRAY PRE-Viewing Istruction to witness Report for complaint Report No 2024-010-1214 for the Date of crime 3/25/2024.

148. Daily News report "skiboky stora, accused of attacking NYC TikToker goes on unhinged rant in court Exhibit "C".

149. Exhibit "D" PHOTO ARRAY Viewing Report for Halley McGookin Dated 3/26/2024 and signed

150. Exhibit "E" New York City police Department Photo ARRAY 56H090 Page 1 and Page 2

151. Exhibit "F PHOTO ARRAY Information Report signed by Defendant DETECTIVE GENE RUDA Dated 03/26/2024

152. Exhibit "G" New York police Department Omniform System-complaints "complaint #2024-010-001214" pages 1 to 4   Dated 03/25/2024

153. Exhibit "H" DA NOTIFICATION for Complaint No. 2024-010-01214  Dated 03/28/2024

Exhibit "I" Audio Recorded of the photo ARRAY for complaint #2024-010-001214 written Transcript by SKiboKy Stora Dated 3/25/2024

Exhibit "I"

154. Audio Recorded of the Photo Array for complaint #2024-010-001214 complaining witness on 03/26/2024 States the following

155. Mr. Calder: Today is march 26 I'm officer calder I'm with the tenth Precinct detective squad im currently with Halley McGookin inside the 10th Precinct detective squad I'm going to you the following instructions if you don't understand something you could just ask me to repeat it you about to view the Photos Identification procedures if you consent NYPD guidlines requires that procedure be audio recorded do you consent to the audio recording of this procedure

156. Ms. Halley McGookin: yeah

157. Mr. calder Just put a check and initial as part of a ongoing investigation in a crime that occurred on 116 7 avence on March 25, 2024 you about to view a Photo array it consists of six photos of individuals each photograph has a number underneath the Photograph take whatever time you may need to view a Photo array the perpetrator may or may not be amongst the picture do not assume I know who the perpetrator may be do not ask me or any one else in the room for guidance doing this procedure individual presented in the photo array may not appear exactly as they did on the date of the incident features such as head and facial hair or subject to change photograph may not always depict the true complexion of the person it may be lighter darker then shown in the photo Pay No attention to any markings that may appears in the photo or any other difference in the type or style of the Photograph if you recognize someone I ask you how sure are you using your own words without the use of number or percentages this question is not intended to stress

158. Anything I asked this question of every witness after you have opportunity to view the photo array I'll ask you the following three question do you recognize anyone If you do what is the number of the person that you recognize from where do you recognize This person only if you recognize someone I'm going to ask you to say in your own words how sure you are without using numbers and percentages I may ask you follow up questions the investigation will continue regardless whether or not you make a identification do not discuss what are the witnesses what you see say or doing this procedure you understand.

159. Ms. Halley MCGOOKIN: "yes"

160. Mr. Calder: need me to repeat anything

161. Ms. Halley MCGOOKIN: No I'm good

162. Mr. Calder: I need you to sign and date where it says the above instructions has been read

163. Ms. Halley MCGOOKIN: right here yea and today's the 26

164. Mr. Calder: correct make sure you pause I think it was that one that's who you think it is.
Ms. Halley MCGOOKIN: yes ok

165. Ms. MCGOOKIN: If you take your time No I mean it definitely wasn't like he was like lighter so it was definitely I feel fairly confident that it was definitely I feel fairly confident that it was him ok if you what do I do

166. Mr. Calder: you sign where are you put check that now I take it. OK so you selected number six

167. Ms. MCGOOKIN: Yeah yes

168. Mr. Calder: Date of today is the 26th just have a few questions from where do you recognize this person

169. Ms. MCGOOKIN: From when he hit me on 25th yesterday on seventh Avenue.

EXHIBIT A

NO319-2024

<u>SEARCH WARRANT</u>

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER OF THE CITY OF NEW YORK

 Proof by affidavit having been made this day before me by Detective Redmond Halpern, Shield # 02880, of the NYPD Hate Crimes of the New York City Police Department that there is reasonable cause to believe that certain property, to wit:

 a. a green, hooded jacket with an orange lining (Exhibit 1);

 b. a green dog leash (Exhibit 2);

 c. tan/peach sneakers (Exhibit 3);

 d. any and all books, magazines, newspapers, or periodicals;

 e. any and all letters, correspondence, journals, diaries, or other writings, whether handwritten, typed, computer-generated, or Xeroxed;

 f. any and all computers as defined in Penal Law § 156.00(1)[1] or electronic storage devices as well as their components and accessories, including, but not limited to, cords, monitors, keyboards, software, programs, disks, zip drives, flash drives, thumb drives, and/or hard drives;

 g. any and all cellular telephones, cameras, video-recorders, video game consoles and other electronic devices and/or equipment capable of storing data, information and images, and their components and accessories, including, but not limited to, wires, cords, monitors, software, hard drives and chargers;

 h. any and all books, manuals, guides or other documents containing information about the operation and ownership of a computer, cellular telephone, camera, video recorder, video game console or other electronic storage device present in the target location, including, but not limited to, computer, cellular telephone and software user manuals;

 i. evidence of ownership and use of the target premises, or the use of property

[1] Penal Law § 156.00(1) states: "Computer" means a device or group of devices which, by manipulation of electronic, magnetic, optical or electrochemical impulses, pursuant to a computer program, can automatically perform arithmetic, logical, storage or retrieval operations with or on computer data, and includes any connected or directly related device, equipment or facility which enables such computer to store, retrieve or communicate to or from a person, another computer or another device the results of computer operations, computer programs or computer data.

1

Exhibit A

located therein by any person, including but not limited to keys, telephone bills, utility bills, bank statements, leases, deeds, or rent receipts related to the target premises or other real property, mail addressed to or from the target premises or other documents bearing the address of the target premises, identification bearing the name or photograph of any person, telephone-books, address books, date books, calendars, personal papers, driver's licenses, vehicle registration, vehicle insurance documents, vehicle repair documents, tooth and hair brushes, videotapes and photographs of persons, fingerprints, handprints, footprints, shoe impressions, hairs and fibers, swabs and/or samples of DNA and other forensic and trace evidence;

may be found in 418 West 17th Street Apartment #19B, New York, NY ("the target premises"); and on the person of Skiboky Stora, if present therein; and that the above described property has been used or is possessed for purpose of being used to commit or conceal the commission of the crimes of Assault in the Third Degree as a Hate Crime (Penal Law §§ 120.00(1) & 485.05(1)); Stalking in the Third Degree as a Hate Crime (PL §§ 120.50(3) & 485.05(1)); and Aggravated Harassment in the Second Degree (PL § 240.30(3)); and constitutes evidence, tends to demonstrate that said crimes were committed and that a particular person participated in the commission of said crimes;

YOU ARE THEREFORE COMMANDED, between 6:00 a.m. and 9:00 p.m., to enter and to search the target premises for the above-described property, and if you find such property or any part thereof to bring it before the Court without unnecessary delay.

FURTHER, this Court authorizes law enforcement personnel to videotape and photograph the interior of the target premises; to process the target premises for fingerprints; to analyze, test, and in any way scientifically process the target premises and all items seized.

IT IS FURTHER ORDERED that the affidavit and any transcript of any accompanying sworn testimony in support of the application for this warrant is sealed, except that a copy of any such sworn testimony may be obtained by an assistant district attorney in the New York County District Attorney's Office and the affidavit and/or any such sworn testimony may be disclosed by an assistant district attorney in the New York County District Attorney's Office in the course of the lawful discharge of his or her duties pursuant to a criminal investigation and/or prosecution, or upon written order of the Court.

This warrant must be executed within 10 days of the date of issuance.

Justice of the Supreme Court

Dated: New York, New York

APR 1 5 2024

HON. ALTHEA DRYSDALE

2

9503477

Exhibit A

# Exhibit 1 - Green, Hooded Jacket with Orange Lining



EXhibit A

## Exhibit 2 - Green Dog Leash



Exhibit A

## Exhibit 3 - Tan/Peach Sneakers



EXHIBIT
A

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

IN THE MATTER OF AN APPLICATION FOR A

WARRANT TO SEARCH

418 WEST 17TH STREET APARTMENT # 19B, NEW YORK, NY 10011 ("THE TARGET

PREMISES")

### SEARCH WARRANT

Alvin L. Bragg, Jr.
District Attorney
New York County
One Hogan Place
New York, New York 10013
(212) 335-9000

Exhibit B



# PHOTO ARRAY PRE-VIEWING INSTRUCTIONS TO WITNESS REPORT

PD 373-112 (Rev. 09-17)

## CASE INFORMATION AND WITNESS INSTRUCTIONS

| Complaint Report No. | Crime Committed | | Date of Crime |
|---|---|---|---|
| 2024-010-1214 | ASSAULT | | 03/25/2024 |

Location of Crime

116 7 AVENUE

| Photo Array Date | Time | Location |
|---|---|---|
| 03/26/2024 | 15:17 | 10 PDU |

| Witness' Name | | Was Witness Transported |
|---|---|---|
| MCGOOKIN HALLEY | | ☐ Yes  ☒ No |

| Transporting Officer's Rank/Name | Command | Tax No. |
|---|---|---|
| N/A | N/A | N/A |

| Photo Array Administrator's Rank/Name | Command | Tax No. |
|---|---|---|
| P.O. CALDER | 249 | 973877 |

## READ THE FOLLOWING TO THE WITNESS PRIOR TO SHOWING THE PHOTO ARRAY

**IF INVESTIGATOR HAS MADE A DETERMINATION THAT AUDIO RECORDING PRESENTS A SAFETY CONVERN, SKIP THE CONSENT QUESTION BELOW AND GO DIRECTLY TO THE SECOND BULLET**

- You are about to view a photo identification procedure. If you consent, NYPD guidelines require that this procedure be audio recorded. Do you consent to the audio recording of this procedure?    ☒ Yes    ☐ No    Initial HM

- As part of the ongoing investigation into a crime that occurred at 116 7 AVENUE (Location) on 03/25/2024 (Date), you are about to view a photo array.

- It consists of six photographs of individuals. Each photograph has a number underneath the photograph.
- Take whatever time you want to view the photo array.
- The perpetrator may or may not be among the pictures.
- Do not assume that I know who the perpetrator may be.
- Do not ask me or anyone else in the room for guidance during the procedure.
- Individuals presented in the photo array may not appear exactly as they did on the date of the incident because features such as head and facial hair are subject to change.
- Photographs may not always depict the true complexion of a person; it may be lighter or darker than shown in the photo.
- Pay no attention to any markings that may appear on the photos, or any other difference in the type or style of the photographs.
- If you recognize someone, I will ask you to describe how sure you are using your own words, without the use of numbers or percentages. This question is not intended to suggest anything. I ask this question of every witness.
- After you have had an opportunity to view the photo array I will ask you the following three questions:
  1. Do you recognize anyone?        2. If you do, what is the number of the person you recognize?
  3. From where do you recognize the person?
  4. Only if you recognize someone, I'm going to ask you to say in your own words how sure you are without using numbers or percentages.
- I may ask you follow-ups questions.
- The investigation will continue regardless of whether or not you make an identification.
- Do not discuss with other witnesses what you see, say or do during this procedure.

## WITNESS SIGNATURE:

| The above instructions have been read to me: | Date: 03/26/24 |
|---|---|

| Photo Array Administered by (Rank/Name Printed) | Tax No. | Cmd. | Date Administered |
|---|---|---|---|
| P.O. CALDER | 973877 | 239 | 03/26/2024 |

5:40



# DAILY NEWS

**NEWS**   CRIME AND PUBLIC SAFETY

**SUBSCRIBER ONLY**

# Skiboky Stora, accused of attacking NYC TikToker, goes on unhinged rant in court



🔒 nydailynews.com



# PHOTO ARRAY VIEWING REPORT
PD 373-134 (REV. 09-17)

 *Exhibit D*

## PART A - SHOWING THE PHOTO ARRAY

| Witness Name | Administrator | Date |
|---|---|---|
| **MCGOOKIN HALLEY** | | |

| Interpreter Used? | ☐ Yes ☒ No | Name of Interpreter **N/A** | Command **N/A** | Tax No. **N/A** |
|---|---|---|---|---|

If Interpreter is Not a Member of the Service, List Name, Address and Telephone No.
**N/A**

List any Additional Members of the Service Present:

| Rank/Name | Tax No. | Cmd. | Rank/Name | Tax No. | Cmd. |
|---|---|---|---|---|---|
| | | | | | |

## Instructions to the Administrator Showing the Photo Array:

- Remain neutral. Do not comment on the identification before, during or after the identification procedure.
- Place the photo array in a closed letter-size manila folder when handing it to the witness.
- Stand out of the witness' line of sight, where practical, but still observe the witness as the witness views the photo array.

## PART B - AFTER THE WITNESS HAS VIEWED THE ARRAY, ASK THESE QUESTIONS

Did you recognize anyone in the photo array?   Yes

- If the answer is positive, proceed to the next question.
- If the answer to the preceding question is negative, STOP and go to the signature line.

If so, what is the number of the person that you recognize? _____

From where do you recognize that person?

From when he hit me on the 25th on 7th Avenue

Record words and gestures of the witness:

If the Witness Gives a Vague Answer    *(for example: "I think it is..." or "It might be...")*

Then say the following:    **You said** _____

*(insert witness' words, e.g., "I think it is...")*

**What do you mean by that?**    *(record the witness' answer)*

## CONFIDENCE STATEMENT

The following must be read exactly as it appears.

You have just indicated that you have recognized the person in position number . I am going to ask you a question. It is not intended to suggest anything. You should not infer anything from it. I ask this question of every witness at this point. In your own words, not using any numbers or percentages, please tell me how sure you are?

Pretty Confident. didn't get the best look so I cant be certain.

Date: 3/26/24    Time: 1616    Witness Signature [signature]

## FINAL INSTRUCTION TO WITNESS:

*Do not discuss with any other witness what you observed or said during this identification procedure.*

| Prepared by Administrator (Rank  Name Printed) | Tax No. | Cmd | Date Prepared |
|---|---|---|---|
| P.O. CALDER | 973877 | 239 | 3/26/24 |

*EXhibit E*



# NEW YORK CITY POLICE DEPARTMENT



### Photo Array 564090

  

1 _____  2 _____  3 _____

  

4 _____  5 _____  6 _____

Identification Made:  ☑ Yes    ☐ No    Photo Selected:    # _6_

Date of Identification Procedure: 3/26/24



**PHOTO ARRAY INFORMATION REPORT**

PD 373-155 (Rev. 09-17)

EXhibit F 

## THIS FORM MUST NOT BE SHOWN TO THE WITNESS

**The Photo Array:**

• This form will be prepared by the Case Detective and will not be shown to the witness or the Administrator of the photo array.

• The original photo array MUST be preserved.

• Attach a copy of the photo array to this form and provide the information below, if available.

| Position | Name | NYSID Number | Date of Photo |
|---|---|---|---|
| 1 | ███████████████ | | 02/16/2024 |
| 2 | STORA, SKIBOKY | 09155235J | 12/07/2023 |
| 3 | ███████████████ | | 02/16/2024 |
| 4 | ███████████████ | | 03/05/2024 |
| 5 | ███████████████ | | 02/14/2024 |
| 6 | ███████████████ | | 03/14/2024 |

**Suspect's Name**

**STORA, SKIBOKY**

Date of Birth
**08/27/1983**

Suspect's Position in the Photo Array

2

Was the procedure audio recorded?  ☒ Yes  ☐ No  If not, state reason:

Was any photo altered?  ☐ Yes  ☒ No

If Yes, which photo?

Describe alteration

Comments:

Prepared by (Rank, Name Printed)
*Der Luna*

Tax No.
959703

Cmd.
239

Date Prepared
03/26/2024

Exhibit "G"

# New York City Police Department
## Omniform System - Complaints

| Report Cmd: 013 | Jurisdiction: N.Y. POLICE DEPT | ICAD#: D24032508659 | Record Status: Final, Initial Arrests made | Public Omni NO | Complaint #: 2024-010-001214 | No Other Legacy Blue Versions | Complaint Revisions: View All Versions 0 1 |
|---|---|---|---|---|---|---|---|

| Occurrence Location: FRONT OF 116 7 AVENUE | NYC Parks Dept. Property | | Precinct:010 Sector:A Beat: Post:1 |
|---|---|---|---|
| Name Of Premise: Premises Type:STREET Location Within Premise: Visible By Patrol?:YES | Did this offense occur on NYC Parks Dept. Property? Command: NYC Parks Dept. Property Name: | NO | |

| Occurrence From:2024-03-25      10:20      MONDAY | Aided # |
|---|---|
| Occurrence thru:2024-03-25      10:30 Reported:2024-03-25      13:56 Complaint Received:RADIO | Accident # O.C.C.B. # |

| Classification:ASSAULT | Case Status:CLOSED |
|---|---|
| Attempted/Completed:COMPLETED Most Serious Offense Is:MISDEMEANOR PD Code:101  ASSAULT 3 PL Section:12000 Keycode:344  ASSAULT 3 & RELATED OFFENSES | Unit Referred To: Clearance Code:DETECTIVE ARREST Log/Case #:0 Clearance Arrest Id: Clearance AO Cmd: File #:38 Prints Requested?NO |

**OFFENSES:**

| Order | Offense Desc | Att/Cmplt | PDC Code | PDC Code Desc | PL Section | PL Description | Larceny Type | IBR# Class | Alleged Crime | Justified Crime | Criminal Activity |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PL 120 ASSAULT | COMPLETED | 101 | ASSAULT 3 | PL 120.00 01 | ASLT 3 W/INT CAUSE PHYS INJURY | | 13B Misdemeanor | | | NONE / UNKNOWN |

| Confirmed Shots Fired? NO |
|---|

| Possible Hate Crime ? NO |
|---|

| Is This Related To Stop And Frisk Report NO | SQF Number: 0000-000-00000 | Was The Victim's Personal Information Taken Or Possessed? NO | Was The Victim's Personal Information Used To Commit A Crime? NO |
|---|---|---|---|

| Gang Related? NO | Detective Borough Wheel Log #: | Name Of Gang: | Child Abuse Suspected? NO |
|---|---|---|---|

| DIR Required? NO | Child in Common? NO | Intimate Relationship? NO | Officer Body Worn Camera: YES |
|---|---|---|---|

| If Burglary: | Alarm: | If Arson: | Taxi Robbery: |
|---|---|---|---|
| Forced Entry? Structure: Entry Method: Entry Location: | Bypassed? Comp Responded? Company Name/Phone:  - - Crime Prevention Survey Requested?: Complaint/Reporter Present?: | Structure: Occupied?: Damage by: | Partition Present: Amber Stress Light Activated: Method of Conveyance: Location of Pickup: |

| Supervisor On Scene - Rank / Name / Command : | Canvas Conducted: NO | Translator(if used): |
|---|---|---|



*Exhibit G*

**NARRATIVE:**
AT TPO CV STATES SHE WAS WALKING N/B ON THE WEST SIDE OF 16TH STREET AND 7TH AVENUE. CV SAYS SHE WAS LOOKING DOWN ON HER PHONE WHEN UNKNOWN BLACK MALE WALKING A MEDIUM SIZE BLACK/WHITE DOG DID STRIKE HER IN THE HEAD. DOES NOT KNOW IFSHE WAS ELBOWED OR PUNCHED AND FELL TO THE GROUND CAUSING SWELLING TO HER LEFTSIDE FACE BY HER EYEBROW. CV RMA AT SCENE BUT DID GO TO URGENT CARE TO CHECKAT INJURIES PRIOR TO MEETING WITH POLICE. PHOTOS OF INJURIES ARE AVAILABLE. CIV WAS NOTIFIED OF DEPT SURVEY.

Version 1. SYSTEM GENERATED

## No NYC TRANSIT Data for Complaint # 2024-010-001214

| Total Victims: | Total Witnesses: | Total Reporters: | Total Wanted: |
|---|---|---|---|
| 1 | 0 | 1 | 1 |

### VICTIM: # 1 of 1

| | |
|---|---|
| **Name:** MCGOOKIN,HALLEY | **Complaint#:** 2024-010-001214 |

| | |
|---|---|
| Nick/AKA/Maiden: <br> UMOS:NO <br> Sex/Type:FEMALE / INDIVIDUAL <br> Race:WHITE <br> Age: <br> Date Of Birth ▆▆▆ <br> Disabled?NO <br> Is this person not Proficient in English?:NO <br> If Yes, Indicate Language: <br> N.Y.C.H.A Resident?NO <br> Is Victim fearful for their safety / life?YES <br> Escalating violence / abuse by suspect?NO <br> Were prior DIR's prepared for CIV?NO | Suspected Gang Member:NO <br> Name: <br><br> Will View Photo:YES <br> Will Prosecute:YES <br> Notified Of CrimeNO <br> Victim Comp. Law: <br><br> Other MOS Agency: <br> Type of Officer <br> Activity/Circumstances: <br> Officer Assignment Type: <br> Level of Injury:PHYSICALLY INJURED <br> Type of Injury:APPARENT MINOR INJURY <br> Medical Treatment:REFUSED TREATMENT |

| LOCATION <br> HOME-PERMANENT | ADDRESS <br> 101 WEST 15 STREET | CITY <br> MANHATTAN | STATE/COUNTRY <br> NEW YORK | ZIP | APT/ROOM <br> 210 |
|---|---|---|---|---|---|

Phone #: HOME: Not Provided/Unavailable CELL: ▆▆▆  BUSINESS:Not Provided/Unavailable BEEPER: Not Provided/Unavailable E-MAIL:▆▆▆

| Victim was: | Shot <br> NO | Stabbed <br> NO | Slashed <br> NO |
|---|---|---|---|

Actions Of Victim Prior To Incident:
WALKING DOWN THE STREET LOOKING AT HER PHONE

| Victim Of Similar Incident: <br> NO | If Yes, When And Where |
|---|---|

### REPORTER: # 1 of 1

| | |
|---|---|
| **Name:** MCGOOKIN,HALLEY | **Complaint #:** 2024-010-001214 |

| | |
|---|---|
| Nick/AKA/Maiden: <br> Sex/Type:FEMALE <br> Race:WHITE <br><br> Date Of Birth ▆▆▆ <br> Is this person not Proficient in English?:NO <br> If Yes, Indicate Language: | Suspected Gang Member:NO <br> Name: <br><br><br> Relationship To Victim: |

| Location <br> HOME-PERMANENT | Address | City | State/Country | Zip | Apt/Room |
|---|---|---|---|---|---|

HOME: - - CELL: ▆▆▆  BUSINESS: - - BEEPER: - - E-MAIL:▆▆▆

### WANTED: # 1 of 1

| | Name: UNKNOWN ONE, UNKNOWN ONE | Complaint#: 2024-010-001214 | Arrested: NO |
|---|---|---|---|

*Exhibit G*

| Nick/AKA/Maiden: | Height:FT IN | Order Of Protection:NO |
|---|---|---|
| Sex:MALE | Weight:0 | Issuing Court: |
| Race:BLACK | Eye Color:UNKN | Docket #: |
| Age: | Hair Color:UNKNWN | Expiration Date: |
| Date Of Birth:UNKNOWN | Hair Length: | Order of Protection Violated? |
| U.S. Citizen: | Hair Style:UNKNOWN | Does Suspect abuse Drugs / Alcohol?NO |
| Place Of Birth: | Skin Tone:DARK | Suspect threatened /attempted NO |
| Is this person not Proficient in English? | Complexion:UNKNOWN | suicide? |
| If Yes, Indicate Language: | Offender Condition:UNKNOWN | Is the suspect Parole / Probation?NO |
| Accent:NO | S.S. #:0 | Relation to Victim:STRANGER |
| | | Living together:NO |
| | | Can be Identified:YES |

Suspected Gang Member:NO
Name:

| LOCATION | ADDRESS | CITY | STATE/COUNTRY | ZIP | APT/ROOM | HOW LONG? | RES. PCT |
|---|---|---|---|---|---|---|---|

Phone #: HOME: - - CELL: - - BUSINESS: - - BEEPER: - - E-MAIL:

| N.Y.C.H.A. Resident: | N.Y.C. Housing Employee: | On Duty: |
|---|---|---|
| Development: | N.Y.C. Transit Employee: | |

Weapons:

| #1 | Physical Force/Weapon:USED | Firearm Recovered: | Serial Number Defaced: |
|---|---|---|---|
| | Physical Force/Weapon Type:PHYSICAL FORCE | Discharged: NO | Serial Number: |
| | Physical Force/Weapon Sub Type: | Make: | |
| | Specific Physical Force/Weapon Type: | Color: | |
| | Other Weapon Description: | Caliber: | |

Used Transit System:
Station Entered:
Time Entered:
Metro Card Type:
Metro Card Used/Poses:
Card #:

| CRIME DATA | DETAILS |
|---|---|
| STATEMENTS MADE | UNKNOWN |
| METHOD OF FLIGHT | FOOT |
| MODUS OPERANDI | ASSAULT |
| ACTIONS TOWARD VICTIM | ASSAULT |
| CLOTHING | ACCESSORIES -UNK -UNKNOWN COLOR |
| CLOTHING | FOOTWEAR  UNK  UNKNOWN COLOR |
| CLOTHING | HEADGEAR -UNK -UNKNOWN COLOR |
| CLOTHING | OUTERWEAR  UNK  UNKNOWN COLOR |
| CHARACTERISTICS | UNKNOWN |
| BODY MARKS | UNKNOWN |
| IMPERSONATION | UNKNOWN |

| ARRESTS: | Complaint # 2024-010-001214 |
|---|---|

| Arrest ID | Status | Defendant Name | Sex | Race | Age | Arrest Date |
|---|---|---|---|---|---|---|
| M24615526 | ACTIVE | STORA, SKIBOKY | MALE | BLACK | 4003 | 27/2024 |

## No IMEI Data for Complaint # 2024-010-001214

| SCRATCH COPY: | Complaint # 2024-010-001214 |
|---|---|
| 1  [PDF] 1711391958773_1711391958773_.pdf | Description 1711391958773_1711391958773_.pdf |

## COMPLAINT ASSOCIATIONS:

Complaint # 2024-010-001214

| Victim | Perpetrator/Wanted | Relationship | Interaction | Offense | Weapon/Force | Weapon/Force Sub Type | Weapon/Force Type | Specific Weapon/Force Type | Description |
|---|---|---|---|---|---|---|---|---|---|
| MCGOOKIN, HALLEY | UNKNOWN ONE, UNKNOWN ONE | STRANGER | Yes | PL 120 | USED | | PHYSICAL FORCE | | |

## NOTIFICATIONS / ADDITIONAL COPIES:

Complaint # 2024-010-001214

Exhibit 6

| Notifications to: | | | | |
|---|---|---|---|---|
| Rank/Title | Name | Unit/Agency | Log # | |
| SGT | CASH | 10 DESK | | |
| SGT | MANCINI | 13 DESK | | |

| Reporting/Investigating M.O.S. Name: | Tax #: | Command: | Rep.Agency: |
|---|---|---|---|
| PO LI STEVEN | 976225 | 013 PCT | NYPD |
| **Supervisor Approving Name:** | Tax #: | Command: | Rep.Agency: |
| SGT ZENG BRIAN | 964352 | C T U | NYPD |
| **Complaint Report Entered By:** | Tax #: | Command: | Rep.Agency: |
| PO LI | 976225 | 013 PCT | NYPD |
| **Signoff Supervisor Name:** | Tax #: | Command: | Rep.Agency: |
| SGT HANSON | 930313 | 010 PCT | NYPD |

| END OF COMPLAINT REPORT<br># 2024-010-001214 |
|---|

Exhibit "H"

| Tracking# 91926370 | | | | | Crime/Condition | Command |
|---|---|---|---|---|---|---|
| **DA NOTIFICATION** | | | | | | 239-10 DET SQUAD<br>**Date of This Report**<br>03/28/2024 |
| **Date Reported** | **Complaint No.**<br>2024-010-01214 | **Date Case Assigned**<br>03/28/2024 | | **Case No.**<br>2024 - 2195 | **Unit Reporting** | **Follow-Up No.**<br>1 |

| Topic/Subject<br>(DA NOTIFICATION) DA NOTIFICATION | Activity Date<br>03/28/2024 | Activity Time<br>15:47 |
|---|---|---|

| Details |
|---|
| **Summary of Investigation:** |

| DA Notification | | |
|---|---|---|
| 1 | **DA Agency**<br>MANHATTAN | |

| **Reporting Officer:** | **Rank**<br>DT2 | **Name**<br>MICHAEL MILLER | | **Tax Reg. No.**<br>937110 | **Command**<br>239-10 DET SQUAD |
|---|---|---|---|---|---|
| **Reviewing Supervisor:** | **Manner of Closing** | **Date Reviewed:**<br>03/28/2024 | **Date of Next Review** | **Name**<br>MICHAEL MILLER | **Supv. Tax No.**<br>937110 |