

| **MURIEL GOODE-TRUFANT**<br>*Acting Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **ZACHARY KALMBACH**<br>*Senior Counsel*<br>phone: (212) 356-2322<br>fax: (212) 356-3509<br>zkalmbac@law.nyc.gov |
|---|---|---|

<span style="color:blue">For substantially the reasons as those stated in the City's letter-motion, the City's request for a stay is GRANTED. *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012) (noting that district courts balance the same six factors when considering whether to stay a civil matter pending related criminal proceedings). The case is stayed pending the conclusion of Plaintiff's underlying criminal proceedings. On August 13, 2024 and every 60 days thereafter, Defendant City of New York shall submit an update on the status of the criminal proceedings, until the conclusion of such proceedings.</span>

**BY ECF**
Honorable Jennifer L. Rochon
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

<span style="color:blue">Dated: June 26, 2024
New York, New York</span>

**SO ORDERED.**

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

Re:   Skiboky Stora v. The City of New York et al.,
      24 Civ. 3165 (JLR)

Your Honor:

      I represent defendant the City of New York in the above-referenced matter.[1] The City writes to respectfully request that the Court: (1) stay the instant matter pending the conclusion of the underlying criminal proceedings and/or (2) in the alternative, request a *nunc pro tunc* sixty-two day[2] extension of time for the City respond to the Complaint. This is the City's first such request. Plaintiff does not consent to this request because he is "not friends with [the City and it's counsel], [he] is [their] adversary, and isn't agreeing to nothing." With the Court's approval, the undersigned is prepared to provide the Court with periodic updates as to the status of the criminal proceedings, until the proceedings have been concluded.

      By way of background, plaintiff filed the Complaint on April 25, 2024, pursuant to 42 U.S.C. § 1983, alleging constitutional rights violations following an arrest, search warrant execution, and initiation of a prosecution between March and April of 2024, against the State of New York, the City of New York, New York City Police Department ("NYPD") Detective Gene Ruda, NYPD Detective Redmond Halpern, NYPD Officer "John Doe," Manhattan District Attorney Alvin Bragg, Assistant District Attorney Chandler Castro, and Attorney Stephen William

---

[1] This case has been assigned to Assistant Corporation Counsel Zoe Reszytniak, who is awaiting admission to the Southern District of New York. Ms. Reszytniak is handling this matter under supervision and may be reached at (212) 356-2547 or zreszytn@law.nyc.gov.

[2] Sixty-two days is being requested in lieu of sixty days because sixty days after June 11, 2024 falls on August 10, 2024, a Saturday.

Edwards. (ECF No. 1). On May 21, 2024, the City was served with the summons and Complaint. Thus, the City's deadline to respond the Complaint was June 11, 2024.[3]

The criminal case arising from plaintiff's March 27, 2024[4] arrest—and the related warrant execution on April 18, 2024—is still pending. Indeed, the Office of Court Administration's electronic record of the case indicates that the case is open, and that a Court appearance is scheduled for August 6, 2024. (See Exhibit A). The same information can be ascertained via the publicly-available New York State Unified Court System WebCriminal system.[5] As such, the City respectfully requests that the Court stay this matter pending resolution of plaintiff's underlying criminal case, the result of which will impact plaintiff's civil claims.

"[I]t is well settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." Estes-El v. Long Island Jewish Medical Center, 916 F. Supp. 268, 269 (S.D.N.Y. 1995). In determining whether to stay a civil proceeding pending the outcome of a related criminal case, courts consider a number of factors, including: 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the criminal case, including whether the defendant has been indicted; 3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice caused by the delay; 4) the private interests of the defendants and the burden that proceeding with the civil action would impose on them; 5) the public interest; and 6) the interests of the Court in the efficient management of cases. See Parker v. Dawson, No. 06-CV-6191 (JFB) (WDW), 2007 U.S. Dist. LEXIS 63068, at *11 (E.D.N.Y. 2007); see also Volmar Distributors, Inc. v. New York Post Co., 152 F.R.D. 36, 39-40 (S.D.N.Y. 1993).

Regarding the first factor, plaintiff alleges, *inter alia*, that he was unlawfully arrested after he was identified as the perpetrator of an assault, along with constitutional violations stemming from the execution of a search warrant issued in connection with an investigation related to his arrest. Because the instant civil action and the pending criminal case arise from the same underlying incident, the issues of whether probable cause existed to arrest plaintiff issue a search warrant for plaintiff's home and initiate a prosecution against him significantly overlap with the criminal matter. Additionally, the issue of what force was reasonable to arrest plaintiff will overlap with the findings of the criminal court as the amount of force that is reasonable depends in part on the circumstances of the arrest. Regarding the second factor, as discussed *supra*, upon information and belief, plaintiff's criminal case is still ongoing.

Regarding the third factor, plaintiff's private interests in proceeding in this civil matter expeditiously do not outweigh the prejudiced cause by any delay. More specifically, should this civil matter proceed prior to the resolution of the criminal matter, plaintiff's Fifth Amendment rights will be implicated as, for example, the City intends to depose plaintiff regarding the facts and circumstances of the underlying incident.

---

[3] The undersigned apologies for not adhering to Your Honor's Individual Rules regarding extension requests to be made 48 hours prior to a deadline. The undersigned was assigned to this case on June 11, 2024, and thus, could not make the request in the designated timeframe required by the Court.

[4] Though the Complaint states that plaintiff's arrest took place on April 18, 2024, upon information and belief, the plaintiff was arrested on March 27, 2024.

[5] Available at https://iapps.courts.state.ny.us/webcrim_attorney/AttorneyWelcome.

Regarding the fourth, fifth, and sixth factors, the pendency of plaintiff's criminal prosecution would present possible hindrances to the satisfactory completion of discovery in this action, prejudicing the defendants. And, defendants cannot obtain the District Attorney's file at this time, which is vital to the defendants' evaluation of the allegations in the Complaint and defendants' response thereto. Further, any efforts to seek discovery in this case could both undermine plaintiff's Fifth Amendment privileges against self-incrimination as well as prejudice the prosecution of the plaintiff. See Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 453 (2d Cir. 2013) (Fifth Amendment privileges relevant in civil proceedings relating to disclosures reasonably believed to be used against defendant in a criminal case); see also Agran v. City of New York, No. 95 Civ. 2170 (JFK), 1996 U.S. Dist. LEXIS 6699, at *6 (S.D.N.Y. May 16, 1996) ("[b]ecause the scope of criminal discovery is significantly narrower than the scope of civil discovery, compliance with [plaintiff's] civil discovery requests may well prejudice the District Attorney's prosecution" of plaintiff.). Moreover, the public interest is best served by permitting the criminal justice system to decide whether plaintiff violated any law first, as opposed to a civil action undermining that function by seeking determinations on the lawfulness of the active charges against plaintiff. Furthermore, if plaintiff is found guilty in the criminal matter, his false arrest claim (and possibly some of his other claims) is necessarily barred. See Heck v. Humphrey, 512 U.S. 477 (1994).

Accordingly, a stay in this case is necessary in order to potentially moot some or all of the viable claims in this case; to preserve plaintiff's rights against self-incrimination; to serve the public's interest by permitting the criminal case to go forward first because the prosecution is charged with protecting the public interest; and to avoid imposition on the criminal prosecution that could "vitiate the rules of criminal discovery and establish a harmful incentive for future criminal defendants to file civil suits in order to avoid limitations imposed by criminal discovery rules." Agran, 1996 U.S. Dist. LEXIS 6699, at *6. As such, the City respectfully requests that the Court stay this action pending resolution of plaintiff's underlying criminal proceeding.

In the event the Court declines to stay this matter, the City respectfully requests a *nunc pro tunc* sixty-two day extension of time to respond to the Complaint, from June 11, 2024, to August 12, 2024. As noted *supra*, the undersigned was assigned to this case only three days ago, and this Office requires time to complete its Rule 11 investigation, including requesting and obtaining relevant documents, before properly responding to the Complaint.

Accordingly, the City respectfully requests that the Court: (1) stay this matter pending resolution of plaintiff's underlying criminal proceeding; or (2) in the alternative, grant the City a *nunc pro tunc* sixty-two day extension of time to respond to the Complaint, from June 11, 2024, to August 12, 2024.

Thank you for your time and consideration.

Respectfully submitted,

/s/ *Zachary Kalmbach*

Zachary Kalmbach
*Senior Counsel*
Special Federal Litigation Division

CC:   VIA FIRST-CLASS MAIL
   Skiboky Stora
   *Plaintiff* pro se
   418 West 17 Street
   Apartment 19B
   New York, New York 10011