

| **MURIEL GOODE-TRUFANT**<br>*Acting Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **ZOE RESZYTNIAK**<br>*Assistant Corporation Counsel*<br>phone: (212) 356-2547<br>fax: (212) 356-3509<br>zreszytn@law.nyc.gov |
|---|---|---|

September 25, 2024

**BY ECF**
Honorable Jennifer L. Rochon
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    Skiboky Stora v. The City of New York et al.,
                24 Civ. 3165 (JLR)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the Office of the Corporation Counsel, and attorney representing defendant the City of New York ("City") in the above-referenced matter. The City and counsel for co-defendant Manhattan District Attorney ("DA") Alvin Bragg write jointly to respectfully respond to the Court's September 9, 2024 Order directing defendants to "advise the Court whether they consent to Plaintiff filing his Amended Complaint if Defendants' deadline to respond to the Amended Complaint is extended until sixty days after the stay is lifted after the resolution of Plaintiff's underlying criminal proceeding." (See ECF No. 23).

      By way of background, plaintiff filed his original Complaint on April 25, 2024, pursuant to 42 U.S.C. § 1983, alleging constitutional violations following an arrest, search warrant execution, and prosecution between March and April of 2024, against the State of New York, the City of New York, the New York City Police Department ("NYPD") Detective Gene Ruda, NYPD Detective Redmond Halpern, NYPD Officer "John Doe," DA Alvin Bragg, Assistant District Attorney Chandler Castro,[1] and Attorney Stephen William Edwards. (ECF No. 1). On June 14, 2024, the City requested a stay of this matter until the resolution of the underlying criminal matter arising out of plaintiff's March 27, 2024 arrest and the related warrant execution on April 18, 2024. (See ECF No. 10). On August 13, 2024, the City filed a status update pursuant to the Court's Order on June 26, 2024 regarding plaintiff's criminal proceeding, which, upon information and belief, is still pending. (See ECF Nos. 15, 16). On August 20, 2024, plaintiff filed an Amended Complaint, adding twenty-four (24) defendants from the NYPD and Manhattan District Attorney's Office alleging essentially the same claims and allegations contained in the

---

[1] Upon information and belief, there is no Assistant District Attorney with this name in the Manhattan District Attorney's Office.

original and currently operative Complaint. (Compare ECF No. 17 with ECF No. 1). On August 22, 2024, counsel for the City and DA Bragg wrote jointly to the Court requesting that the Court disregard plaintiff's Amended Complaint because it was filed without leave or consent, and the case is currently stayed. On August 23, 2024, the Court rejected plaintiff's Amended Complaint. (See ECF No. 21). On August 29, 2024, plaintiff filed a motion requesting leave to file an Amended Complaint. (See ECF No. 22). On September 9, 2024, the Court ordered defendants to "advise the Court whether they consent to Plaintiff filing his Amended Complaint if Defendants' deadline to respond to the Amended Complaint is extended until sixty days after the stay is lifted after the resolution of Plaintiff's underlying criminal proceeding." (See ECF No. 23).

Thus, counsel for the City and co-defendant District Attorney Alvin Bragg write to respectfully provide their position to the Court. As a threshold matter, this Office and the New York County District Attorney's Office represent only the City and Manhattan District Attorney ("MDA") Alvin Bragg respectively—no other individual municipal or district attorney's office defendants are represented in this matter at this time. Thus, the current letter is not made on behalf of any unrepresented defendants.

Both the City and DA Bragg consent to plaintiff's filing of an Amended Complaint, and the sixty (60) day responsive deadline for the Amended Complaint to the extent that: (a) the Court is referencing document filed at Docket Entry Number 17; and (b) insofar as consent is not construed to be a waiver of any defenses and/or objections to the Amended Complaint on futility and/or other grounds.

Accordingly, both the City and DA Bragg consent to plaintiff filing an Amended Complaint and a sixty (60) day responsive for all defendants once the case is no longer stayed, so long as the Amended Complaint in question is the filing at Docket Entry Number 17, and consent does not waive or otherwise impact asserting any defenses and/or objections to the Amended Complaint.

Thank you for your time and consideration.

Respectfully submitted,

/s/ *Zoe Reszytniak*

Zoe Reszytniak
*Assistant Corporation Counsel*
Special Federal Litigation Division

CC:   VIA FIRST-CLASS MAIL
      Skiboky Stora
      *Plaintiff* pro se
      418 West 17 Street
      Apartment 19B
      New York, New York 10011

CC:   VIA ECF
      All Counsel of Record