UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SKIBOKY STORA,

                        Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                        Defendants.

Case No. 1:24-cv-03165 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

On April 25, 2024, Plaintiff Skiboky Stora ("Plaintiff" or "Stora") filed this action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights during his arrest and subsequent prosecution. Dkt. 1. On June 26, 2024, this Court stayed the matter pending resolution of Stora's related state criminal proceedings. Dkt. 15.

On August 29, 2025, Stora filed an emergency Order to Show Cause for Preliminary Injunction and Temporary Restraining Order, requesting that this Court "order the Supreme Court Criminal Term New York County to immediately vacatur" his state criminal proceedings, in which trial was set to begin September 3, 2025, but later adjourned to September 9, 2025. Dkt. 41 at 15. Stora contends, among other things, that the evidence against him in that criminal matter is insufficient, and therefore the trial must not proceed. *See generally* Dkt. 41.

Due to the imminence of Stora's trial, this Court ordered expedited briefing. Dkt. 42. On September 5, 2025, the Defendants City of New York and New York County District Attorney Alvin L. Bragg, Jr., filed a response to Stora's motion. Dkt. 43. In it, Defendants ask this Court to "exercise *Younger* abstention" and refrain from interfering with Stora's state criminal trial. *Id.* at 1-2. Defendants further argue that Stora will not be irreparably harmed by appearing at that trial and, therefore, that he is not entitled to injunctive relief. *Id.* at 3-4.

On September 8, 2025, Stora filed a reply, again contending that Defendants plan to use false or otherwise incredible evidence against him at trial, but this time arguing that he will be irreparably harmed by that purported plan. Dkt. 44.

Preliminary injunctions are "'an extraordinary remedy never awarded as of right.'" *Coscarelli v. ESquared Hospitality LLC*, 364 F. Supp. 3d 207, 221 (S.D.N.Y. 2019) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). Generally, to prevail on a motion for a preliminary injunction or temporary restraining order, the movant must establish "'(1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest.'" *Conn. State Police Union v. Rovella*, 36 F.4th 54, 62 (2d Cir. 2022) (quoting *Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 68 (2d Cir. 2021)); *see Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020) ("'It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction.'") (quoting *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008)). And where, as here, the grant of emergency relief would require this Court's interference with a state criminal proceeding, the movant must establish an irreparable harm beyond merely "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution." *Younger v. Harris*, 401 U.S. 37, 46 (1971). Rather, the movant must demonstrate that the irreparable harm is "one that cannot be eliminated by his defense against" that prosecution. *Id.*

Stora has not established such a harm. Indeed, his motion focuses on the weight and admissibility of certain evidence to be offered against him at trial, as well as Defendants'

conduct in gathering that evidence. *See, e.g.,* Dkt. 41 at 3 (arguing that Defendant police officers "manufactured evidence[]" and "gave" that evidence to Defendant district attorneys, who in turn submitted it to a grand jury). These issues all pertain to Stora's criminal defense and, therefore, do not rise to the level of irreparable harm that *Younger* requires. *See Younger*, 401 U.S. at 46. Nor does Stora offer any basis for his argument that his trial must be enjoined because it will irreparably harm his "political image." Dkt. 44 at 3. This, too, is an "inconvenience" of defending against a criminal prosecution, *see Younger*, 401 U.S. at 46, not an irreparable harm requiring preliminary injunction. Stora also fails to demonstrate a likelihood of success on the merits, inasmuch as he has offered no factual support for his claims about Defendants' conduct or the evidence to be used against him. *See Convergen Energy WI, LLC v. L'Anse Warden Elec. Co., LLC*, No. 20-cv-5240 (LJL), 2020 WL 5894079, at *5 (S.D.N.Y. Oct. 5, 2020) (quoting *Crichlow v. Fischer*, No. 12-cv-7774 (NSR), 2015 WL 678725, at *8 (S.D.N.Y. Feb. 17, 2015)) ("'[C]onclusory allegations lacking supporting evidence will not support a preliminary injunction.'"). Moreover, even liberally construed, Stora's motion does not explain how an injunction in this matter would serve the public interest. *See Cheng v. United States*, 132 F.4th 655, 658 (2d Cir. 2025) ("We . . . liberally construe submissions by *pro se* litigants as raising the strongest arguments they suggest.").

      For the foregoing reasons, the Court finds that Stora has failed to establish his entitlement to a preliminary injunction. This finding also comports with the *Younger* abstention doctrine. *See Disability Rights N.Y. v. New York*, 916 F.3d 129, 133 (2d Cir. 2019) (citing *Younger*, 401 U.S. at 43-44) (federal courts "must abstain where a party seeks to enjoin an ongoing, parallel state criminal proceeding"). Indeed, the Supreme Court has "repeat[ed] time and time again that the normal thing to do when federal courts are asked to enjoin

pending proceedings in state courts is not to issue such injunctions." *Younger*, 401 U.S. at 45. In accordance with that doctrine, the Second Circuit has held that federal courts must not exercise jurisdiction where "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002); *accord Bronx Defs. v. Office of Court Admin.*, 475 F. Supp. 3d 278, 284 (S.D.N.Y. 2020).

Stora's motion meets all three requirements for abstention. There is no dispute that Stora is the defendant in an ongoing state criminal proceeding. Moreover, it is well settled that such a proceeding implicates an important state interest. *See Hansel v. Town Court for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995). And finally, as explained above, Stora can adequately address his evidentiary claims in that proceeding.

Accordingly, Stora's Order to Show Cause for Preliminary Injunction and Temporary Restraining Order is DENIED.

Dated: September 8, 2025
      New York, New York

                                   SO ORDERED.

                                   JENNIFER L. ROCHON
                                   United States District Judge