UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SKIBOKY STORA,

Plaintiff,

-against-

CITY OF NEW YORK, et al.,

Defendants.

Case No. 1:24-cv-03165 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

On April 25, 2024, Plaintiff Skiboky Stora ("Plaintiff" or "Stora") filed this action under 42 U.S.C. § 1983, alleging that Defendants (the City of New York, the State of New York, and various law enforcement and legal officials employed by those entities) violated his constitutional rights during his arrest and subsequent prosecution. Dkt. 1. On June 26, 2024, this Court stayed the matter pending resolution of Stora's related state criminal proceedings. Dkt. 15 at 1. Plaintiff was subsequently convicted and sentenced in those proceedings, and he has filed an appeal. *See* Dkts. 49-50. This matter, accordingly, remains stayed.

On July 13, 2026, Stora filed a motion in this matter styled an "emergency application of writ of mandamus . . . pursuant to 28 U.S.C. [§] 1361." Dkt. 51 (capitalization omitted); *see also* Dkts. 52-54. In an accompanying affidavit, Stora alleges that Franklin Correctional Facility is violating his constitutional rights by limiting his legal mail to five pages per mailing, such that if he receives any such mail from "the State Appellate Court and the District Attorney['s] Office" and "it's over 5 pages[,] the facility disregard[s] the other papers." Dkt. 52 at 1. He contends that he cannot succeed in his appeal while this limitation is in place. *Id.* He does not ask for any express relief other than "a writ of mandamus for wrongful[] conviction," *id.*, but the Court construes his motion as seeking an order directing Franklin Correctional Facility to permit Stora

to receive legal mail without restriction. Defendant City of New York responded to Stora's motion on July 24, 2026. *See* Dkt. 56.

This Court lacks jurisdiction to grant Stora's requested relief. Franklin Correctional Facility is operated by the state of New York, and so a writ of mandamus in this context would direct state officials to take certain actions. But "[t]he federal courts have no general power to compel action by state officials." *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988). Indeed, 28 U.S.C. § 1361 grants district courts jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. By its own terms, that statute "does not provide jurisdiction over actions concerning state or local officials," and therefore "a federal court has no authority by way of mandamus to address an action or omission of" such officials. *Marom v. Town of Greenburgh*, 23-cv-00232 (LTS), 2023 WL 2457704, at *2-3 (S.D.N.Y. Mar. 9, 2023) (dismissing, for lack of jurisdiction, *pro se* petition for writ of mandamus compelling respondent town to renew building permit and vacate property tax assessment); *see also Smith v. New Haven Superior Ct.*, No. 20-cv-00744, 2020 WL 4284565, at *2 (D. Conn. July 27, 2020) ("[A]lthough there is a federal statute that allows a federal prisoner to seek mandamus against federal officials, there is no corresponding statute to authorize federal courts to enter writs of mandamus against state officials." (omission adopted) (citation omitted)). Therefore, Stora's motion must be denied.

Even liberally construing Stora's application as seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) (applying to those "in custody pursuant to the judgment of a State court") or 28 U.S.C. § 2241(c)(3) (applying to those "in custody in violation of the Constitution"), the application must be denied, because Stora does not allege that he challenged the facility's legal mail policy in state court and, thus, has failed to exhaust his administrative remedies as habeas

relief requires. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]"); *Lithgow v. Keyser*, No. 20-cv-03655 (VEC), 2021 WL 4391122, at *1, *3 (S.D.N.Y. Sept. 24, 2021) (dismissing § 2254 petition based on "the conditions of confinement" for failure to exhaust administrative remedies where petitioner "filed for habeas relief in state court" but "did not appeal the denial of his state petition"); *Jones v. Comm'r of Corr.*, No. 16-cv-00282, 2016 WL 1948808, at *1-2 (D. Conn. May 3, 2016) (construing petition "challeng[ing] conditions of confinement in state prison" as filed under § 2254 and dismissing petition for failure to exhaust administrative remedies where petitioner "d[id] not allege that he presented his claims in state court"); *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2000) ("[F]ederal prisoners [seeking habeas relief under § 2241] must exhaust their administrative remedies prior to filing a petition for habeas relief."); *accord Stroud v. Warden, FCI Danbury*, No. 24-cv-01331, 2025 WL 238935, at *2 (D. Conn. Jan. 17, 2025). Thus, even if Stora's motion were construed as a petition for a writ of habeas corpus, it would also be denied.

For all these reasons, Stora's motion is DENIED. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 51.

Dated: August 7, 2026
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge