UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SKIBOKY STORA,<br>Plaintiff,<br>-against-<br>CITY OF NEW YORK, et al.,<br>Defendants. | Case No. 1:24-cv-03165 (JLR)<br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Skiboky Stora, proceeding *pro se* and currently incarcerated, filed an emergency application of notice of removal to remove his New York state prosecution to federal court. *See* Dkts. 70-72. Under 28 U.S.C. § 1455:

> A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.* § 1455(b)(4); *see also Sabino v. Port Auth. Police Dep't*, No. 22-cv-5025 (LTS), 2022 WL 3328159, at *1 (S.D.N.Y. July 22, 2022) ("If it appears on the face of a notice of removal of a criminal case that removal is impermissible, the district court must summarily remand the action to state court."). "The burden of establishing federal question jurisdiction is on the state-court defendant, and any doubts about jurisdiction should be resolved against removal." *New York v. Watson*, No. 25-cv-5995 (LTS), 2025 WL 2781533, at *1 (S.D.N.Y. Sept. 26, 2025).

Stora has failed to articulate grounds warranting removal to federal court. *See New York v. Yarborough*, No. 24-cv-0736 (MKV), 2024 WL 1055057, at *2 (S.D.N.Y. Feb. 14, 2024) ("Even if [defendant] had complied with the procedural requirements for removal, his submission is devoid of facts suggesting that removal of his state court criminal proceeding is proper. . . . [Defendant] therefore has not demonstrated any statutory basis for removal of his state-court criminal case.").

Accordingly, his motion is DENIED.

Dated: November 10, 2026
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge